Filed 1/26/22  P. v. Arellano CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>EDGAR ARELLANO,<br><br>　　　Defendant and Appellant. | B314434<br><br>(Los Angeles County<br>Super. Ct. No. KA112598) |

　　　　　APPEAL from a postjudgment order of the Superior Court of Los Angeles County, Juan Carlos Dominguez, Judge. Affirmed.

　　　　　Edgar Arellano, in pro. per., and Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

　　　　　No appearance by Plaintiff and Respondent.

————————————

Edgar Arellano, sentenced in January 2017 pursuant to a negotiated plea agreement to state prison for 22 years for first degree burglary with prior conviction enhancements, petitioned for resentencing pursuant to Senate Bill No. 1393 (Stats. 2018, ch. 1013, §§ 1 & 2) (Senate Bill 1393), which, effective January 1, 2019, allowed the trial court to exercise its discretion under Penal Code section 1388[1] to strike or dismiss section 667, subdivision (a), prior serious felony enhancements. The superior court denied Arellano's petition, ruling Senate Bill 1393 was not retroactive and, in any event, did not apply when the defendant had agreed in a negotiated plea to a specific prison term that included those enhancements.

We reversed the order denying Arellano's petition based on *People v. Stamps* (2020) 9 Cal.5th 685 (*Stamps*), decided while Arellano's appeal was pending, and remanded the matter to provide Arellano the opportunity to ask the superior court to exercise its discretion not to impose the prior serious felony enhancements and, if the request was made, for the parties and the court to follow the procedure approved in *Stamps*. (*People v. Arellano* (Sept. 14, 2020, B300847) [nonpub. opn.].)

On remand the superior court, after denying Arellano's request to change his appointed counsel pursuant to *People v. Marsden* (1970) 2 Cal.3d 118, denied Arellano's request to strike the prior serious felony enhancements, stating, in view of the seriousness of the current offense and Arellano's criminal history, Arellano was "extremely fortunate that he received the sentence that he received."

---

[1] Statutory references are to this code.

2

No arguable issues were identified following review of the record by Arellano's appointed appellate counsel. We also have identified no arguable issues after our own independent review of the record and analysis of the contentions presented by Arellano in his supplemental brief. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *Arellano's Plea to a Second Strike Sentence and Petition for Resentencing*

In April 2016 Arellano was arrested after he entered the dormitory room of a female college student while she was sleeping. While in the room, Arellano removed some of the student's undergarments from a laundry hamper. Arellano was not a student at the college and did not have permission to be in the dormitory.

In January 2017, pursuant to a negotiated agreement, Arellano pleaded no contest to first degree burglary with a person present and admitted a 1999 first degree burglary conviction as a prior strike and 1999 and 2002 first degree burglary convictions as prior serious felony convictions under section 667, subdivision (a)(1). He was sentenced to an aggregate state prison term of 22 years, consisting of the six-year upper term for residential burglary, doubled, plus two five-year terms for the prior serious felony enhancements.

This court affirmed Arellano's conviction in a nonpublished opinion on November 29, 2017. (*People v. Arellano* (Nov. 29, 2017, B281513).) Arellano's petition for review in the California Supreme Court was denied in February 2018; and his petition for writ of certiorari with the United States Supreme Court was denied April 22, 2019, at which time the judgment became final. (See *People v. Buycks* (2018) 5 Cal.5th 857, 876, fn. 5.)

On June 5, 2019 Arellano petitioned for resentencing under Senate Bill 1393. The superior court denied the petition, ruling Senate Bill 1393 did not apply retroactively to Arellano's 2017 conviction and sentence.

In *Stamps*, *supra*, 9 Cal.5th 685, however, the Supreme Court held Senate Bill 1393 applied to any case not yet final on appeal on its January 1, 2019 effective date. The Court also held Senate Bill 1393 applied, at least to a limited extent, to negotiated sentences; but, if the trial court was inclined to exercise its discretion not to impose a prior serious felony enhancement that was part of a negotiated sentence, the prosecutor was entitled to withdraw his or her agreement to the plea. As the Court explained, if the defendant asks the trial court to exercise its discretion to strike the enhancement(s) and the court declines to do so, "that ends the matter and defendant's sentence stands." (*Stamps*, at p. 707.) However, "[i]f the court indicates an inclination to exercise its discretion under section 1385, the prosecution may, of course, agree to modify the bargain to reflect the downward departure in the sentence such exercise would entail. Barring such a modification agreement, 'the prosecutor is entitled to the same remedy as the defendant—withdrawal of assent to the plea agreement.'" (*Ibid*.) Finally, even if the prosecutor and the defendant agree the negotiated prison term should be reduced by eliminating the prior serious felony enhancement, the trial court retains its authority to withdraw approval of the plea agreement. (*Id*. at p. 708.)

Based on *Stamps* we reversed the superior court's order and remanded the matter to permit Arellano to request that the superior court (and the prosecutor) agree to reduce his sentence

4

by striking one or both of the prior serious felony enhancements. (*People v. Arellano, supra*, B300847.)

    2. *Proceedings on Remand*

On remand Arellano moved to replace the deputy public defender representing him, arguing she was hard to reach by telephone, had called him a horrible person and was resistant to his "legal input" challenging the validity of one of his prior serious felony convictions (to which he had pleaded guilty). The superior court conducted two hearings and, after an explanation from Arellano's counsel, denied the motion.

Before the court considered Arellano's petition for resentencing, the prosecutor stated, if the court indicated it was inclined to strike the serious felony enhancements, "the likelihood of him getting an offer or a settlement anything lower than what he's received is, in my experience from what I'm seeing here and the conversations with my colleagues, infinitesimally small." The court then explained to Arellano, if the People withdrew from the plea agreement and the matter went to trial and Arellano was convicted, he would likely be sentenced to a third strike indeterminate sentence of 25 years to life.

Arellano stated he wished to proceed with the petition for resentencing. Arguing in support of Arellano's request, his counsel emphasized the remoteness of his two prior serious felony convictions (1999 and 2002). In response the prosecutor noted the two prior burglaries were similar to the current offense—targeting women on a college campus to steal their underwear—and Arellano had an additional felony conviction in 2006 (with a six-year prison sentence) for possession of stolen property, which, it appeared, also consisted of personal items of clothing taken from a young woman's campus residence.

The court denied the petition, describing Arellano's course of conduct as "pretty disturbing" and the offenses as "very, very troubling."

Arellano filed a timely notice of appeal.

## DISCUSSION

In accord with the procedures described in *People v. Cole* (2020) 52 Cal.App.5th 1023, review granted October 14, 2020, S264278, we appointed counsel to represent Arellano on appeal. After reviewing the record, Arellano's counsel filed a brief raising no issues. Appointed counsel advised Arellano he could submit a supplemental brief raising any grounds of appeal, contentions or arguments he wanted the court to consider. We provided a similar notice to Arellano on November 24, 2021 and stated any supplemental brief must be filed within 30 days.

On December 23, 2021 we received a two-page handwritten letter brief from Arellano that asserts (1) the case should be remanded in light of the passage of Senate Bill No. 81 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 721, § 1) (Senate Bill 81), to allow Arellano to offer and prove mitigating circumstances, and (2) his counsel at the hearing on remand did not adequately represent him.

Prior to enactment of Senate Bill 81, section 1385 provided a trial court *may* dismiss sentencing enhancements in the interest of justice. It was this authority to dismiss Arellano's prior serious felony enhancements, as provided by Senate Bill 1393, that the trial court considered on remand. Senate Bill 81 amended section 1385 by adding new subdivision (c), which provides in part, "(1) Notwithstanding any other law, the court *shall* dismiss an enhancement if it is in the furtherance of justice to do so, *except* if dismissal of that enhancement is

6

prohibited by any initiative statute. [¶] (2) In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." (Italics added.)

New section 1385, subdivision (c)(7), however, provides, "This subdivision shall apply to sentencings occurring after the effective date of the act that added this subdivision." Because both his original sentencing hearing and reconsideration of his sentence pursuant to Senate Bill 1393 occurred prior to the January 1, 2022 effective date of Senate Bill 81, Arellano is not entitled to any benefit from the new law.

Beyond the single sentence stating his counsel did not adequately represent him, Arellano's supplemental letter presents no facts or argument to support a claim of ineffective assistance of counsel.

Because no cognizable legal issues have been raised by Arellano's appellate counsel or by Arellano or identified in our independent review of the record, including a review of the confidential reporter's transcript of the *Marsden* hearings, the order denying the postjudgment motions is affirmed. (See *People v. Cole*, *supra*, 52 Cal.App.5th at pp. 1039-1040, review granted; see also *People v. Serrano* (2012) 211 Cal.App.4th 496, 503; see generally *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

7

## DISPOSITION

The postjudgment order is affirmed.


                                                    PERLUSS, P. J.

We concur:


     SEGAL, J.


     FEUER, J.